# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant GABRIEL C. GARCIA**
**United States Army, Appellant**

ARMY 20130660

Headquarters, U.S. Army North Atlantic Treaty Organization (trial)
Headquarters, U.S. Army Fires Center of Excellence and Fort Sill (rehearing)
Reynold P. Masterson, Military Judge (trial)
Jeffery R. Nance, Military Judge (rehearing arraignment)
Marc Cipriano, Military Judge (rehearing)
Lieutenant Colonel Michelle L. Ryan, Staff Judge Advocate (pretrial)
Colonel Mark H. Sydenham, Staff Judge Advocate (post-trial)
Colonel David E. Mendelson, Staff Judge Advocate (rehearing)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan Cronin, JA; Captain Joshua B. Fix, JA; Captain Timothy G. Burroughs, JA; Captain Cody Cheek, JA; Philip Cave, Esq. (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan Cronin, JA; Captain Cody Cheek, JA; Philip Cave, Esq. (on reply brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Captain Jonathan S. Reiner, JA (on brief).


6 October 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FEBBO, Judge:

Appellant asserts that his bad-conduct discharge was inappropriately severe for his convictions of maltreatment for sexually harassing two junior enlisted soldiers. Appellant also asserts his sentence is inappropriately severe because of this case's long appellate history while appellant was confined. Considering the entire record, to include appellant's military and disciplinary record, we do not find appellant's sentence, as approved by the convening authority (CA), is inappropriately severe.

This case is before us for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012) [hereinafter UCMJ]. Appellant raises one issue that merits discussion, but no relief. We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). While we discuss appellant's claim of ineffective assistance of counsel, we ultimately conclude his *Grostefon* matters lack merit and warrant no relief.

## BACKGROUND

In 2010, while stationed in Germany, appellant received nonjudicial punishment pursuant to Article 15, UCMJ, (Art. 15) for two specifications of maltreatment by sexually harassing subordinates.

One specification was based on appellant sending an e-mail to a female Private First Class (PFC) in his platoon. In e-mails, appellant referred to the PFC as "sweetie." He discussed her fitting into her clothes and referred to her as "chubs." He also stated that "fat or not you're still cute and sexy." Appellant asked the PFC if she wanted to come to visit appellant. If so, he would cancel his plans with his "Latvian blonde cutie." The PFC felt uncomfortable and thought the e-mails were inappropriate, so she forwarded them to a soldier in her unit for guidance.

The other specification arose from appellant's conduct towards a female Specialist (SPC) in his unit. Appellant sent her an e-mail to come to his office. When she arrived he was "partially undressed" (he had his pants, undershirt shirt, and socks on) and it made her feel "awkward" to be in an office while appellant was changing. Another time, appellant referred to the SPC as a "cutie." Appellant also told her he was conversing in sexual text messages with his girlfriend. The SPC testified that these actions made her feel "uncomfortable" and "less as a person."

As part of the Art. 15 proceedings, appellant was punished by forfeiting $1,200 pay, being restricted and performing extra duty for forty-five days, and receiving a written reprimand.[1]

In 2013, the above two specifications of maltreatment were referred to court-martial. An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of maltreatment, two specifications of rape, and one specification of forcible sodomy in violation of Articles 93, 120, and 125, UCMJ (2006 & Supp. II 2009). The panel sentenced appellant to a dishonorable discharge, confinement for five years, and reduction to the grade of

---

[1] At sentencing for both courts-martial, appellant received sixty-three days sentence credit pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

E-1.  The CA approved the adjudged sentence and credited appellant with sixty-three days of confinement credit.

In 2015, this court set aside the findings of guilty for the specifications of rape and forcible sodomy based on improper arguments made by the government trial counsel during findings.  *United States v. Garcia*, ARMY 20130660, 2017 CCA LEXIS 335, at *22 (Army Ct. Crim. App. 18 Aug. 2015) (mem. op.).  This court affirmed the findings of guilty for the two maltreatment specifications.  *Id*. at *29-30.  This court also set aside the sentence and authorized a rehearing.  *Id*. at *30.  At the time the court set aside the sentence, appellant has served twenty-six months in confinement.  At the rehearing, the CA elected to proceed with a combined rehearing on the merits for the rape and forcible sodomy specifications, along with the sentence rehearing for the maltreatment specifications.

In 2016, a military judge sitting as a general court-martial acquitted appellant of the two specifications of rape and the one specification of forcible sodomy.  At the sentencing rehearing, the government presented aggravation evidence for the maltreatment offenses.  The government also presented evidence of appellant's prior service and rehabilitative potential.[2]

Appellant's prior service records included four additional Art. 15s.  In 2004, appellant received an Art. 15 for driving a vehicle while drunk and fleeing the scene of an accident.  As part of his punishment, he was reduced in rank from Staff Sergeant to Sergeant.  In 2007, appellant received an Art. 15 for misusing government equipment by sending a sexually explicit e-mail to another female SPC.  In 2010, appellant received an Art. 15 for misuse of government equipment and maltreatment of a SGT by sexually harassing her.  In 2012, appellant received an Art. 15 for having an inappropriate relationship with a female Private (E-2).

The government also introduced two of appellant's noncommissioned officer evaluation reports (NCOER).  In one NCOER, the rater checked "No" for the Army value of "Respect/EO/EEO" and the senior rater assessed appellant's overall

---

[2] The government presented a Prisoner Observation Report for appellant allegedly making provoking speech and gestures during his confinement.  The content of the report is similar to a counseling statement.  Appellant's defense counsel did not object to the introduction this exhibit.  With the proper foundation, prisoner disciplinary records are admissible for sentencing under R.C.M. 1001(b)(2).  *United States v. Solt*, ARMY 20130029, 2016 CCA LEXIS 739 (Army Ct. Crim App. 29 Dec. 2016) (summ. disp.).  Given appellant's explanation of the extenuating circumstances for receiving the report and that no adverse action was taken by the disciplinary barracks against appellant, the reports were not very probative of appellant's rehabilitative potential.

potential for promotion as "marginal." In the other NCOER, the rater checked "No" for the Army value of "Honor" and "Integrity." Appellant's service record also included being disqualified from receiving a Good Conduct Medal. The government also called a Sergeant First Class (SFC) to give an opinion of appellant's rehabilitative potential. The SFC testified that appellant had "poor rehabilitative potential."

At the sentence rehearing, appellant made an unsworn statement. Appellant's defense counsel introduced appellant's Good Soldier Book, which included appellant's awards, NCOERs, Letters of Commendation, and training certificates. The NCOERs included multiple positive evaluations where the rater checked "Yes" for displaying Army values, and senior raters assessed appellant's overall potential for promotion as "superior." The defense counsel also presented an estimate of appellant's potential retirement benefits from the U.S. Army Audit Agency (USAAA).

Appellant's Enlisted Record Brief (ERB) was also introduced at sentencing. Appellant entered the Army in 1993. The ERB showed that appellant deployments included a seven-month tour in Iraq and a six-month tour to the Former Republic of Yugoslavia. While deployed in Iraq, appellant earned a Combat Infantry Badge (CIB). Appellant's award included one Army Commendation Medal (ARCOM) and eleven Army Achievement Medals (AAM).

After the sentence rehearing for the two maltreatment specifications, the military judge sentenced appellant to a bad-conduct discharge, confinement for two months, and reduction to the grade of E-3.

Appellant's submission to the CA pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106, included five mitigation letters. In addition to letters from family and friends, one of the letters was from a retired Command Sergeant Major (CSM) that served with appellant, including appellant's deployment to Iraq. The CSM discussed appellant's "stellar" performance, the "numerous times" appellant helped the unit, and "not flinching in harm's way."

The CA approved the adjudged sentence and credited appellant with 850 days of confinement credit.[3]

---

[3] This calculation involved 787 days of credit pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) for appellant's twenty-six months of confinement between his initial trial and appellate relief, and an additional sixty-three days of *Pierce* credit for having received a prior punishment pursuant to Art. 15, UCMJ, for both of the maltreatment specifications.

**LAW AND DISCUSSION**

*1. Sentence Appropriateness*

The appellant asserts that the portion of his sentence that includes a bad-conduct discharge is inappropriately severe and warrants relief under Article 66(c), UCMJ. In support of his claim, appellant highlights his over twenty-year service record that includes multiple deployments and a CIB for combat in Iraq. Appellant asserts that he received a bad-conduct discharge for the same conduct that was previously adjudicated through nonjudicial punishment. Appellant also requests the court to consider his 787 days of confinement before this court set aside part of the findings in his first trial and ordered a rehearing. We disagree that the sentence is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine [], on the basis of the entire record, should be approved." UMCJ art. 66(c). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, __ M.J. __, 2017 CCA LEXIS 593, at *5-6, 9 (Army Ct. Crim. App. 5 Sep. 2017) (*citing United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). This court has a great deal of discretion in determining whether a particular sentence is appropriate but we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 287-88 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

The maximum punishment for the maltreatment offenses included a dishonorable discharge, twenty-four months confinement, and reduction to E-1. The appellant's approved sentence was a bad-conduct discharge, confinement for sixty-three days, and reduction to E-3.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, appellant's record of service, the record of trial, and other matters presented by appellant in extenuation and mitigation (to include R.C.M. 1105 and 1106 matters). The incidents of maltreatment by sexual harassing junior soldiers were serious offenses and undermined appellant's status as a noncommissioned officer (NCO). We note that appellant served in combat and received the CIB in Iraq. We also note appellant's considerable disciplinary history consisting of four or five nonjudicial actions under Art. 15, UCMJ. Two of these Art. 15s, involved similar types of sexual harassment and maltreatment of

subordinate offenses as his convictions at trial. Appellant also received negative NCOERs and was disqualified for the Good Conduct Medal. Finally, we note that Article 66(c), UCMJ, requires us to take into account that the trial court saw and heard the evidence. We hold that the approved sentence, which includes a bad-conduct discharge, is not inappropriately severe. *Healy*, 26 M.J. at 395-96 (C.M.A. 1988); *Snelling*, 14 M.J. at 268.

## 2. *Ineffective Assistance of Counsel*

In appellant's initial appeal of his first court-martial trial, appellant personally asserted, in his *Grostefon* matters, that his defense counsel committed "error" in failing to request dismissal of the maltreat specifications. Appellant asserted, and again asserts, that the maltreatment specifications were "minor misconduct" for which he had already been punished under Art. 15, UCMJ. In his initial appeal, this court found that appellant's claim that the maltreatment specifications were minor misconduct and his defense counsel committed error for failing to file a motion to dismiss lacked merit.

In his unsworn *Grostefon* matters in this current appeal, appellant again asserts his defense counsel in the original trial was ineffective for failing to get the trial court to dismiss the maltreatment specifications as minor misconduct. Appellant asserts he discussed the motion to dismiss with his defense counsel and his defense counsel disagreed that a motion to dismiss should be filed with the court. Although this matter was already decided by the court in the first appeal, we will discuss appellant's renewed claim of defense counsel error in this current appeal.

We review de novo claims that an appellant did not receive the effective assistance of counsel. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* standard requires appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

Under the circumstances of this case, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). In analyzing appellant's claims, we do not need to resolve whether or not the motion to dismiss was actually discussed or solicit defense counsel's opinions on whether the maltreatment charges were or were not "minor offenses." By reviewing the record, this court can weigh the factors outlined in R.C.M. 907 and make a determination of prejudice, if any.

Appellant has not met his burden of establishing that the maltreatment offenses were "minor" and that if his defense counsel had filed a motion to dismiss

it would have been granted. In failing to meet his burden, we note appellant cites no case where maltreatment has been found to be a "minor" offense nor resulted in the maltreatment specifications being dismissed.

Furthermore, if a subordinate commander imposes nonjudicial punishment for an offense that is not "minor," the senior commander is not precluded from referring the matter for trial by court-martial. UCMJ, art. 15(f); R.C.M. 907(b)(2)(D)(iv); *United States v. Fretwell*, 11 C.M.A. 377, 379, 29 C.M.R. 193, 195 (1960). For "minor offenses" previously punished under Art. 15, UCMJ, the defense can file a motion to dismiss. R.C.M. 907(b)(2)(D)(iv). The motion is waived if not asserted by the accused at trial. R.C.M. 907(b)(2). Although there is no bright-line rule on what UCMJ offenses are minor, the *Manual for Courts-Martial, United States* (2016 ed.) [hereinafter *MCM*] lists the factors a court should consider when deciding a motion to dismiss for a minor offense:

> the nature of the offense and the circumstances surrounding its commission; the offender's age, rank, duty assignment, record and experience; and the maximum sentence imposable for the offense if tried by general court-martial. Ordinarily, a minor offense is an offense which the maximum sentence imposable would not include a dishonorable discharge or confinement for longer than 1 year if tried by a general court-martial."

*MCM* pt. V, ¶ 1e.

First, considering the general nature of the offense of maltreatment by sexually harassing a subordinate, the court notes that maltreatment is not ordinarily a minor offense. Article 93, UCMJ, is focused on preserving the integrity of the superior-subordinate relationship. *United States v. Caldwell*, 75 M.J. 276, 281 (C.A.A.F. 2016) (recognizing the "unique and long-recognized importance of the superior-subordinate relationship in the United States armed forces, and the deeply corrosive effect that maltreatment can have on the military's paramount mission to defend our Nation.") Similarly, sexual harassment undermines the superior-subordinate relationship and undermines good order and discipline. The maximum punishment for an Art. 93, UCMJ, maltreatment offense, which includes a dishonorable discharge, further undermines appellant meeting his burden of establishing that the offense is minor. On the other hand, since the maximum sentence confinement for maltreatment is one year, this weighs slightly in favor of appellant establishing the maltreatment could be considered a minor offense.

Second, the circumstances surrounding the commission of appellant's offenses weigh against appellant establishing that his maltreatment offenses for sexual harassment were minor offenses. Appellant sexually harassed a Private First Class and a Specialist in his unit. At the time appellant committed the offenses, he was a

married, forty-two year old, Staff Sergeant. He was serving as a Senior Information Systems Manager. He had served in the Army for sixteen years and had been deployed to a combat zone twice. Both soldiers were negatively impacted by the sexual harassment. Based on his rank, age, duty assignments, and military record and experience, appellant should have understood the wrongfulness and seriousness of his offenses and negative impact on good order and discipline. In fact, prior to receiving the Art. 15 for maltreatment by sexual harassment, he had received another Art. 15 for sending a sexually explicit e-mail to a SPC.

The court concludes, after considering the record and all the factors and circumstances, that appellant has not met his burden of establishing that the two Article 93, UCMJ, maltreatment offenses were minor offenses. Appellant cannot be prejudiced by failing to a raise a motion that would not have entitled him to relief. Therefore, appellant has not met his burden of establishing his defense counsel was ineffective in failing to file a motion to dismiss.

## CONCLUSION

On consideration of the entire record, to include the issues personally raised by appellant, we are satisfied the findings are correct in law and fact and that the sentence is appropriate. Therefore, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court