# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist IMMANUEL E. MARTINEZ**
**United States Army, Appellant**

ARMY 20150540

Headquarters, 2d Infantry Division/ROK-US Combined Division
Mark A. Bridges, Military Judge (arraignment)
Tiernan P. Dolan, Military Judge (trial)
Colonel Lance S. Hamilton, Staff Judge Advocate (pretrial)
Lieutenant Colonel Timothy P. Hayes, Jr., Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief); Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

5 September 2017

---------------------------------
OPINION OF THE COURT
---------------------------------

SALUSSOLIA, Judge:

In this case we hold appellant's sentence was appropriate despite his assertion of sentence disparity with his coactor. While there is a not a bright-line test for when a sentence is highly disparate, the law is clear that sentence disparity is only one of many aspects of sentence appropriateness. We therefore hold that even if appellant's sentence was highly disparate with his coactor's sentence, appellant's sentence was still appropriate for his crimes.

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of attempted sexual assault, conspiracy to commit indecent viewing, three specifications of sexual assault, abusive sexual contact, and

indecent viewing, in violation of Articles 80, 81, 120, and 120c,[1] Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 920, 920c (2012 and Supp. I) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for twelve years and eleven months, total forfeitures, and reduction to the grade of E-1.[2]

This case is before us for review pursuant to Article 66, UCMJ.[3] Appellant raises four assignments of error, one of which merits discussion but no relief. Appellant also raises issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which lack merit.

## BACKGROUND

On the evening in question, appellant was in another soldier's room drinking and hanging out with five other soldiers. One of the other soldiers, Private (PV2) Shepard, left for a period of time and returned to inform the others that he and PV2 SM rented a hotel room at the Camp Casey Lodge, and had just engaged in sexual intercourse. He also said PV2 SM was very drunk.

After some discussions, they all agreed to go over to PV2 SM's hotel room and surprise her while PV2 Shepard and she engaged in more sexual intercourse. On the way to the hotel, they further discussed who would have sex with PV2 SM first.

After loudly knocking and kicking PV2 SM's hotel room door with no answer, PV2 Shepard retrieved a key card from the front desk, and all but one of the soldiers entered the room. Once inside, they observed PV2 SM sleeping on the bed in her clothes. Private Shepard jumped on the bed and, touching her shoulders, said "wake your drunk ass up." Awakening, PV2 SM appeared intoxicated. Slurring her words, PV2 SM asked who else was in her room. Private Shepard replied they were figments of her imagination. Private Shepard then told PV2 SM to get undressed and climb in bed. After PV2 SM complied with PV2 Shepard's instructions, he

---

[1] While the charge sheet and promulgating order do not specify that the indecent viewing specifications were charged under Article 120c, the military judge clarified this issue with the parties on the record.

[2] The convening authority credited appellant with thirty days of credit for post-trial delay and also gave appellant two years of confinement relief for appellant's assistance in his coactor's court-martial.

[3] We have taken judicial notice of PV2 Shepard's record of trial.

placed his penis in PV2 SM's mouth. After a while, PV2 Shepard inserted his penis into PV2 SM's vagina. Appellant then told PV2 SM he wanted oral sex from her and inserted his penis into her mouth. Private Shepard told appellant to switch positions, so appellant removed his penis from PV2 SM's mouth and repositioned PV2 SM. Appellant then inserted his penis in PV2 SM's vagina. At this point, the other soldiers departed PV2 SM's hotel room and went to the outside smoking area. Private SM was crying at this time and told appellant no several times. Private Shepard also told appellant he was being too rough. Appellant removed his penis from PV2 SM's vagina and got dressed. Private Shepard and PV2 SM then dressed and went outside to the smoking area.

At the smoking area, PV2 SM drank more alcohol. Private SM, now more intoxicated, leaned on appellant who guided her back to her hotel room. Appellant asked PV2 SM for more oral sex, to which she replied "no, I'm tired." Private Shepard then entered the room and stated "are you ready for round two?" He directed PV2 SM to open her mouth and he inserted his penis into it. Appellant moved behind PV2 SM, pulled down her pants and underwear, and attempted to penetrate her vagina with his penis. He was unable to penetrate her vulva because it was swollen, so he began rubbing her vulva with his fingers. Private Shepard then stated it is time to switch, removed his penis from PV2 SM's mouth, and inserted it into her vagina. Appellant then inserted his penis into PV2 SM's mouth and ejaculated. Appellant and PV2 Shepard got dressed and departed the hotel room. Two weeks later, PV2 SM reported the incident.

After appellant was convicted and sentenced, he was granted immunity and testified at PV2 Shepard's court-martial. Private Shepard was convicted[4] and sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant now asserts his confinement is highly disparate to that received by his coactor, PV2 Shepard.

## LAW AND DISCUSSION

This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(c). In making sentence appropriateness determinations, we consider, among other things, the character of the offender and the nature and seriousness of his offenses. *United*

---

[4] A general court-martial composed of officer and enlisted members convicted PV2 Shepard, contrary to his pleas, of abusive sexual contact, four specifications of sexual assault, and indecent viewing, in violation of Articles 120 and 120c, UCMJ. Private Shepard was also convicted, pursuant to his plea, of failure to obey a lawful general order, in violation of Article 92, UCMJ.

*States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citing *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106-07, 27 C.M.R. 176, 181 (1959)). Sentence appropriateness is reviewed de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). While we have wide discretion in determining whether a particular sentence is appropriate, we are not authorized to award clemency. *United States v. Lacy*, 50 M.J. 286, 287-88 (C.A.A.F.1999); *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

Sentence comparison is only one of many aspects of sentence appropriateness. *Snelling*, 14 M.J. at 268. Unlike sentence appropriateness, sentence comparison is required only in "those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *Lacy*, 50 M.J. at 288 (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The burden is on appellant seeking relief to show that his or her case is "closely related" to the cited cases and that the sentences are "highly disparate." *Id*. Once met, the burden shifts to the government to show a rational basis for the disparity. *Id*.

Examining appellant's and PV2 Shepard's records of trial, we must first determine if appellant has met his burden that the cases to be compared are closely related. Closely related cases include those which pertain to "coactors involved in a common crime, service-members involved in a common or parallel scheme, or some other direct nexus between service-members whose sentences are sought to be compared." *Lacy*, 50 M.J. at 288.

The government concedes appellant's case is "closely related" to that of PV2 Shepard, and we agree. Appellant and PV2 Shepard engaged in a criminal course of conduct with the same victim; that is, they engaged in sex with a fellow service-member who was intoxicated, while in each other's view and presence.

We next look to any disparity in the adjudged sentences to determine if they are, in fact, "highly disparate." *United States v. Roach*, 69 M.J. 17, 21 (C.A.A.F. 2010); *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *Ballard*, 20 M.J. at 283). Whether a sentence is "highly disparate" is determined by comparison of the adjudged sentences taking into account "the disparity in relation to the potential maximum punishment." *Lacy*, 50 M.J. at 289; *see also Roach*, 69 M.J. at 21. Our superior court has not provided a specific test for determining if a sentence is highly disparate, and only some of the cases that address sentence appropriateness even address this prong. *See e.g. United States v. Fee*, 50 M.J. 290, 292 n. 1 (C.A.A.F. 1999) (The CAAF found it unnecessary to decide whether the two sentences were highly disparate, thus leaving the lower court's finding that the two sentences—six years of confinement and a dishonorable discharge versus fifteen months of confinement and a bad-conduct discharge—were not highly disparate);

4

*United States v. Durant*, 55 M.J. 258, 262 (C.A.A.F. 2001). While comparing the percentages of the potential maximum punishment is a useful consideration, it is not dispositive to the question of whether two sentences are highly disparate. Sentence comparison does not require equivalent sentences. *See Snelling*, 14 M.J. at 268.

At the time of sentencing, appellant faced a maximum punishment of a dishonorable discharge, confinement for 119 years, total forfeitures, and reduction to the grade of E-1. In addition to reduction to the grade of E-1 and forfeiture of all pay and allowances, the panel sentenced appellant to fifteen years or 12.6% of the maximum period of confinement. Private Shepard faced a maximum punishment of a dishonorable discharge, confinement for 130 years, total forfeitures, and reduction to the grade of E-1. He was sentenced to six years or 4.6% of the maximum period of possible confinement. As in *Lacy*, both sentences were "relatively short compared to the maximum confinement." 50 M.J. at 289. (Court of criminal appeals did not abuse its discretion finding sentences of 8, 15, and 18 months were not highly disparate.). While disparate, we find appellant has not met his burden in showing that the adjudged sentences are "highly disparate." *See, e.g.*, *United States v. Pleasant*, 71 M.J. 709 (Army Ct. Crim. App. 2012), pet. denied 72 M.J. 385 (C.A.A.F. 2013) (Twenty-four-month sentence disparate, but not highly disparate, with an eleven-month sentence). We conclude the disparity of only nine years between appellant and PV2 Shepard is not high.

Even if we found appellant's and PV2 Shepard's sentences highly disparate, with no cogent reasons for the disparity, appellant is not entitled to any sentence relief. Sentence comparison is only one of many aspects of sentence appropriateness. *Snelling*, 14 M.J. at 268 ("However proper it may be for the convening authority and the Courts of Military Review to consider sentence comparison as an *aspect* of sentence appropriateness, it is only one of many aspects of that consideration."). Sentence appropriateness involves the judicial function of assuring justice is done and that the accused gets no more than the deserved punishment. *Healy*, 26 M.J. at 395. This requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *Snelling*, 14 M.J. at 268 (quoting *Mamuly*, 10 U.S.C.M.A. at 106-107, 27 C.M.R. at 180-81)(internal quotations omitted). When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct. Here we have considered these factors and we hold that appellant's approved sentence, which includes twelve years and eleven months of confinement, is appropriate and not excessively severe in light of appellant's multiple sexual assaults on an intoxicated fellow servicemember.

Even if we assume appellant's sentence was highly disparate, in a closely related case that lacked cogent reasons for such a disparity, appellant is not entitled to a windfall from an otherwise appropriate sentence just because a coactor, who may even be more culpable, received a more lenient sentence. In other words, even if appellant's sentence was disparate when compared to PV2 Shepard's, appellant's sentence was still appropriate.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court