# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant CASEY R. WEST**
**United States Army, Appellant**

ARMY 20170282

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Charles L. Pritchard, Jr., Military Judge
Lieutenant Colonel Philip M. Staten, Staff Judge Advocate

For Appellant:  Major Todd W. Simpson, JA; Captain Augustus Turner, JA.

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA.

30 April 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge convicted appellant, pursuant to his pleas, of offenses that included sexual assault and sexual abuse of a child under the age of sixteen years.[1] The military judge sentenced appellant to a dishonorable discharge, confinement for fifty-six years, and a reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant's counsel did not raise any assignments of error.  We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and they lack merit.  In part, appellant asserts that the fifteen-year year sentence approved by the convening authority (CA), as part of the pretrial agreement, was inappropriately severe.

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of rape of a child and eight specifications of sexual abuse of a child, in violation of Article 120b of the Uniform Code of Military Justice, 10 U.S.C. §§ 920.

Considering the entire record we do not find appellant's sentence, as approved by the convening authority (CA), is inappropriately severe. To the contrary, considering the heinous nature of appellant's sexual crimes against a child, the approved sentence of fifteen years confinement was lenient.[2]

## BACKGROUND

The charged offenses arose from appellant's rape and sexual abuse of a child. In 2012, appellant began sexually abusing a twelve-year-old child. Appellant forced the child to perform oral sex on appellant. Appellant also forcefully orally sodomized the child. Among other sexual acts, appellant touched the child's genitalia, her breasts, and forced the child to touch his penis. The sexual abuse continued on multiple occasions for almost two years until her friend's family reported the crimes to law enforcement.

## LAW AND DISCUSSION

### Sentence Appropriateness

The appellant asserts that the portion of his sentence that includes fifteen years confinement is inappropriately severe and warrants relief under Article 66(c), UCMJ. We disagree that the sentence is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." UMCJ art. 66(c). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, 76 M.J. 837, 841-42 (Army Ct. Crim. App. 2017) (*citing United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). This court has a great deal of discretion in determining whether a particular sentence is appropriate but we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant faced a maximum punishment that included life without the possibility of parole. The adjudged sentence included confinement for fifty-six years.

---

[2] The court understands there often factors and reasons outside of the record for approving a lenient sentence cap. This includes the willingness of witnesses to testify at trial, strength of the evidence, and other legal and evidentiary issues in a case.

WEST—ARMY 20170282

The appellant's approved sentence by the CA was a reduction to Private E-1, confinement for fifteen years, and a dishonorable discharge.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, appellant's record of service, the record of trial, and other matters presented by appellant in extenuation and mitigation (to include R.C.M. 1105 and 1106 matters). These matters in extenuation and mitigation included appellant's deployment to Kuwait. We have also considered the child's unsworn statement.

Finally, we note that Article 66(c), UCMJ, requires us to take into account that the trial court saw and heard the evidence. The military judge, after considering all the evidence, sentenced appellant to punishment that included fifty-six years confinement. Given the nature and seriousness of the offenses, the adjudged sentence was not outside the range of an appropriate sentence. We hold that the approved sentence, which includes fifteen years confinement and a dishonorable discharge, is not inappropriately severe. To the contrary, appellant's fifteen-year sentence to confinement was exceedingly lenient.

## CONCLUSION

On consideration of the entire record, to include the issues personally raised by appellant, we are satisfied the findings are correct in law and fact and that the sentence is appropriate. Therefore, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3