# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT A. LEWIN II**
**United States Army, Appellant**

ARMY 20170051

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate

For Appellant: Colonel Mary J, Bradley, JA; Major Julie L. Borchers, JA; Captain Steven J. Dray, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Austin Fenwick, JA; Captain KJ Harris, JA (on brief).

30 April 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FEBBO, Judge:

A military judge convicted appellant, pursuant to his pleas, of two specifications of sexual abuse of a child, and contrary to his pleas, of two specifications of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty-six months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. In his sole assignment of error, appellant asserts that his sentence to confinement is inappropriately severe when compared to other child sex abuse cases. We disagree, as we find the cases cited by appellant are not closely related to his case and the sentences in the cited cases are not highly disparate with appellant's sentence.

## BACKGROUND

In 2015, appellant was assigned to a Military Police (MP) unit at Fort Drum. He was twenty-three years old. Appellant met a child online through a medieval gaming site. The child's profile stated she was fifteen years old. Appellant and the child would role play that he was a "knight in shining armor" and she was a "damsel in distress." Appellant–identifying himself as "Desert Soldier"–began to send her electronic messages and told her he was a soldier assigned as an MP at Fort Drum. Being no knight, appellant's messages to the child became sexual. He told her he wanted to "fuck" her, sent her pictures of his erect penis, and received digital photos of her naked and videos of her masturbating.

In late 2015, the child informed appellant she was only thirteen years old. Appellant got upset and feared he would be discharged from the Army. Appellant stopped communicating with her for several months, but resumed contact in early 2016, when she turned fourteen. Appellant told the child he wanted to "put my fingers inside of you." Over approximately the next seven months, appellant continued to send her pictures of his erect penis and continued to receive naked digital photos and videos from the child.

Appellant was close to his ETS date and was seeking a civilian law enforcement position. During an interview with the Department of Homeland Security, appellant admitted to the above offenses. At trial, he pleaded guilty to the sexual abuse after he re-contacted her knowing she was only fourteen years old. Appellant presented a mistake of fact defense for the charges before the child turned fourteen. Appellant testified that he did not know she was under eighteen years old when they initially exchanged naked pictures and communicated sexually.

## LAW AND DISCUSSION

*Sentence Appropriateness*

The appellant asserts that the portion of his sentence to thirty-six months confinement is inappropriately severe and warrants relief under Article 66(c), UCMJ. In support of his argument, appellant requests the court consider the sentences in five courts-martial involving servicemembers soliciting sex from children and/or sending digital images of their penis to children.[1] We disagree that

---

[1] *United States v. Johnston*, 75 M.J. 563 (N.M. Ct. Crim. App. 2016); *United States v. Uriostegui*, 75 M.J. 857 (N.M. Ct. Crim. App. 2016); *United States v. Costianes*, ACM 38868, 2016 CCA LEXIS 391 (A.F. Ct. Crim. App. 30 June 2016); *United States v. Wheeler*, 76 M.J. 564 (A.F. Ct. Crim. App. 2017); and *United States v. Rodriguez*, ARMY 20130577, 2015 CCA Lexis 551 (Army Ct. Crim. App. 1 Dec. 2015) (mem. op.).

these cases are closely related, involve highly disparate sentences, or demonstrate appellant's sentence is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." UMCJ art. 66(c). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, 76 M.J. 837, 841-42 (Army Ct. Crim. App. 2017). This court has a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

*Are Cases Cited by Appellant Closely Related?*

As outlined in this court's opinion in *Martinez*, we must first determine if appellant has met his burden that the cases to be compared are closely related. 76 M.J. at 840. Unlike sentence appropriateness, sentence comparison is required only in "those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The burden is on appellant seeking relief to show that his case is "closely related" to the cited cases and that the sentences are "highly disparate." *Id.* Once met, the burden shifts to the government to show a rational basis for the disparity. *Id.*

Appellant contends that other recent courts-martial involving sexually contacting children though electronic communications and exchanging sexually explicit images were closely related and had lower sentences to confinement.

The appellant has not met his burden of showing the cases he cites are closely related to his own. These cases do not involve "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between servicemembers whose sentences are sought to be compared." *Lacy*, 50 M.J. at 288. The cases cited by appellant involve, at a minimum, different victims and different locations.

*Sentence Disparity*

Even if we were to find that the cases were closely related, appellant would not be entitled to sentence relief unless this court also found that the adjudged sentences were, in fact, "highly disparate." *United States v. Roach*, 69 M.J. 17, 21

3

(C.A.A.F. 2010) (citing *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001)). Whether a sentence is "highly disparate" is determined by comparison of the adjudged sentences taking into account "the disparity in relation to the potential maximum punishment." *Lacy*, 50 M.J. at 289; *see also Roach*, 69 M.J. at 21. But even in the case of highly disparate sentences, the difference in sentences informs, but does not determine, our decision. Sentence comparison does not require equivalent sentences. *See United States v. Snelling*, 14 M.J. 267, 268-69 (C.M.A. 1982). We are not required to lower a sentence to the lowest common denominator if the sentence is otherwise correct in law and fact and should be approved.

At the time of sentencing, appellant faced a maximum punishment of a dishonorable discharge, confinement for sixty years, total forfeitures, and a reduction to the grade of E-1. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-six months, and reduction to the grade of E-1. The adjudged sentence was only five percent of the maximum sentence to confinement. As in *Lacy*, appellant's sentence was "relatively short compared to the maximum confinement." 50 M.J. at 289. (Court of Criminal Appeals did not abuse its discretion in finding sentences of eight, fifteen, and eighteen months for three servicemembers, each facing confinement for twenty-seven years, were not "highly disparate").

We find appellant has not met his burden in showing that the adjudged sentences are "highly disparate." *See, e.g.*, *United States v. Pleasant*, 71 M.J. 709, 716 (Army Ct. Crim. App. 2012), *pet. denied*, 72 M.J. 385 (C.A.A.F. 2013) (Twenty-four month sentence disparate, but not highly disparate, with an eleven-month sentence for co-accused). The sentences of eight months, twenty-four months, and thirty months in the cases cited by appellant were not highly disparate to appellant's thirty-sex month sentence to confinement. Unlike two of the other cases appellant cites as similar to his own, appellant was not sentenced to a dishonorable discharge for four specifications of sexual abuse of a child.

We conclude that any disparity between appellant and the other five cases is not high.[2]

*Sentence Appropriateness*

Even if we found appellant's sentence was highly disparate with other closely related child sex offender cases and lacked cogent reasons for such a disparity, appellant is not entitled to sentence relief if the sentence is otherwise appropriate. *Martinez*, 76 M.J. at 841. If there is a rational basis for the differences among closely related cases, appellant would not receive "a windfall from an otherwise appropriate

_____

[2] For example, although each case is considered individually and the offenses were different, in *Martinez,* this court did not find a nine-year difference between two co-defendants was highly disparate.

sentence just because [another accused], who may even be more culpable, received a more lenient sentence." *Id*. at 842.

Article 66(c), UCMJ, requires us to take into account that the trial court saw and heard the evidence. The military judge after considering all the evidence sentenced appellant to punishment that included thirty-six months confinement. Given the nature and seriousness of the offenses, the adjudged sentence was lenient. We hold that the approved sentence is not inappropriately severe, and shall be approved.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court