# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant BERSUHS A. MORA**
**United States Army, Appellant**

ARMY 20170270

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Charles L. Pritchard, Jr., Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Captain Zachary A. Gray, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief).

5 October 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Staff Sergeant (SSG) Bersuhs Mora argues his sentence is inappropriately severe in that a bad-conduct discharge is not warranted by his misconduct. We disagree, and so did SSG Mora at his own trial.

After the military judge convicted SSG Mora of an Article 134 offense and making a false official statement,[1] the military judge sentenced him to a bad-conduct

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of adultery and one specification of incest under Okla. Stat. tit. 21, § 885, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. §§ 934 [UCMJ]. The military judge also convicted SSG Mora, contrary to his plea, of making a false official statement in violation of Article 107, UCMJ. The military judge found the adultery specification was an unreasonable multiplication of charges with the incest specification, and dismissed the adultery specification contingent on the incest specification surviving appellate review.

discharge, confinement for six months, and a reduction to the grade of E-4. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. In his sole assignment of error, SSG Mora asserts a bad-conduct discharge is inappropriately severe in light of his more than fifteen years' military service. Appellant argues his misconduct is "what amounts" to consensual adultery. At first blush, his assigned error might seem to have merit. Closer scrutiny of the record, however, convinces us otherwise. We conclude appellant's sentence is appropriate based on the severity of his misconduct, the evidence in aggravation, and appellant's own request that he receive a bad-conduct discharge.

## BACKGROUND

### A. Appellant's Misconduct

Between late 2015 and early 2016, while assigned to Fort Sill, SSG Mora engaged in an incestuous relationship with his seventeen-year-old step-daughter. Due to problems at her biological father's home in Colorado, SSG Mora's step-daughter moved in with her mother and appellant in Oklahoma the same month as her seventeenth birthday. Appellant told the teenage girl that she now lived in his house, which made her feel like she "owed him something." Building on her vulnerability and preying on her age, SSG Mora had sexual intercourse with his step-daughter several times over the course of several months. After appellant impregnated her and his incestuous misconduct was exposed, he lied to a Special Agent investigating the allegations.

### B. Appellant's Guilty Plea and Trial

Staff Sergeant Mora entered into a pretrial agreement with the convening authority. Appellant agreed to plead guilty to adultery and incest. Appellant agreed that the government could attempt to prove the charge of his making a false official statement. In exchange, the convening authority agreed that, if appellant was convicted of also making a false official statement, the convening authority would approve no more than thirty months of appellant's eventual sentence to confinement. The convening authority also agreed to convert any dishonorable discharge appellant might be adjudged to a bad-conduct discharge.[2] Staff Sergeant Mora pleaded guilty pursuant to his pretrial agreement, and the government proved the charge of making a false official statement in the contested portion of the trial. Appellant's was facing a maximum punishment of fifteen years confinement.

---

[2] The pretrial agreement contained other terms not relevant to this appeal.

Among the presentencing evidence in SSG Mora's favor, he served through multiple deployments, including three combat tours to Iraq, and his awards include several Army Commendation Medals and the Combat Action Badge.

During sentencing, the prosecution and defense presented evidence of appellant's rehabilitative potential, or lack thereof. Staff Sergeant Mora received two non-judicial punishments. His first, in 2005, was for driving under the influence of alcohol. As a result, he was reduced to Specialist. Appellant was separated from the active duty Army for serious misconduct.[3] In 2009, after coming back on active duty, SSG Mora received non-judicial punishment for failure to report and false official statement offenses. As a result, he was dropped from the Warrior Leader Course. He also received a negative Noncommissioned Officer Evaluation Report.

The prosecution argued that SSG Mora should receive a bad-conduct discharge, reduction to the grade of E-1, and thirty-six months' confinement. By contrast, SSG Mora requested the military judge sentence him to a bad-conduct discharge and therefore reduce his sentence to confinement. Specifically, SSG Mora requested a sentence of a bad-conduct discharge and no time in confinement.

## LAW AND DISCUSSION

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, 76 M.J. 837, 841-42 (Army Ct. Crim. App. 2017). *See also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) ("sentence appropriateness should be judged by individualized consideration of the particular [appellant]") (internal quotation marks and citations omitted). This court has a great deal of discretion in determining whether a particular sentence is appropriate but we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have given individualized consideration to this particular appellant. Our consideration includes, but is not limited to, the nature and seriousness of the offenses, appellant's record of service, the record of trial, and other matters

---

[3] After being discharged from active duty, appellant joined the Army National Guard. In 2007, he was honorably discharged from the National Guard and re-entered active duty.

presented by appellant in extenuation and mitigation (to include Rules for Courts-Martial 1105 and 1106 matters).

Staff Sergeant Mora asserts that the punitive discharge he requested and received at his trial is too severe. He argues that his "morally dubious" conduct was more appropriate for airing on "mid-day television talk-shows" than being seriously pursued under the military justice system. We disagree. Committing criminal incest under applicable state laws—much less the gross violation of SSG Mora's position of authority over his teenage step-daughter—is serious misconduct.[4] Considering the nature and seriousness of appellant's misconduct, and the considerable aggravating factors in this case, appellant's sentence was not inappropriately severe.

Staff Sergeant Mora's own request for a punitive discharge at trial factors in our decision today. Appellant's request for a punitive discharge is probative of the seriousness of his crimes and the appropriateness of his sentence. Appellant requested the military judge sentence him to a punitive discharge and therefore to less confinement than would otherwise be appropriate. The military judge sentenced SSG Mora to far less confinement than appellant himself agreed to as a cap on his punitive exposure. Appellant had carefully considered the discharge-for-confinement trade-off when he personally requested as much from the military judge.

Under these circumstances, and considering the factors for sentence appropriateness, to include the seriousness of his offenses, the record of trial, and appellant's character and service record, we find it is not inappropriate for the appellant to receive the punitive discharge which he requested.

The findings of guilty are correct in law and fact. The approved sentence is not inappropriately severe. To the contrary, in light of all the evidence, appellant's sentence appears lenient.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] The seriousness of SSG Mora's misconduct and making false official statements is further exacerbated by his position of authority and trust as a noncommissioned officer in the United States Army.