# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DANIEL S. ALCANTARA**
**United States Army, Appellant**

ARMY 20170370

Headquarters, U.S. Army Medical Department Center and School
Charles L. Pritchard, Jr., Military Judge
Lieutenant Colonel Joshua A. Berger, Staff Judge Advocate

For Appellant: Captain Benjamin J. Wetherell, JA; William E. Cassara, Esquire (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Captain Marc B. Sawyer, JA (on brief).

31 October 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

FEBBO, Judge:

Appellant was convicted of sexually assaulting a fellow soldier, sexually abusing three other fellow soldiers, and violating an order from his commander.[1] He was sentenced to a dishonorable discharge and twenty five years of confinement.

---

[1] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of failure to obey a lawful order, sexual assault, two specifications of abusive sexual contact, and aggravated sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920 [UCMJ]. The military judge acquitted appellant of two specifications of sexual assault, two specifications of abusive sexual contact, and wrongfully communicating a threat to his company commander, in violation of Articles 120 and 134, UCMJ; 10 U.S.C. §§ 920 and 934. The convening authority approved the adjudged sentence. Appellant was credited with 208 days of pretrial confinement.

ALCANTARA—ARMY 20170370

Appellant contends his twenty-five-year sentence to confinement is too severe. The convening authority (CA) and his staff judge advocate (SJA) both agree.[2] So do we. As part of his Rules for Courts-Martial (R.C.M.) 1105 and 1106 submissions to the CA, appellant submitted over fifty letters of support requesting the CA reduce his sentence. One of the letters was from Private (PVT) SK, the victim of appellant's most serious sexual offense. She informed the CA that although she was hurt by appellant's violation of her trust, she was "shocked" by his sentence. She asked the CA to reduce his sentence if possible.[3]

After reviewing the record of trial and appellant's post-trial submissions, the SJA informed the CA that he would recommend the CA "mitigate" appellant's sentence to confinement if permitted—but such action is not permitted under the R.C.M. or Article 60, UCMJ. The CA agreed the sentence was too harsh and included a statement in the record that he would lessen appellant's sentence if he were not restricted by the new rules limiting his authority to do so.[4]

After reviewing the entire record, including PVT SK's letter to the CA, the Addendum to the SJA's Recommendation (SJAR), and the CA's note attached to that Addendum, we agree relief is appropriate and, in our decretal paragraph, we reduce the appellant's sentence to a dishonorable discharge and nineteen years of confinement.

---

[2] This case is before us for review pursuant to Article 66, UCMJ. Appellant also raised three other assigned errors that do not merit discussion or relief. One of the appellant's assigned errors is the unreasonable 233 days of post-trial delay until the CA's initial action. We do not find a due process violation for the 233 days of post-trial delay to complete the 1,048 page record of trial. Further, appellant was benefited by the CA's due diligence to ensure his opinion about the appellant's sentence was included in the record of trial. We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

[3] Appellant's other victims chose not to submit matters to the CA. By focusing on the submission of PVT SK, we do not intend to downplay the fact appellant sexually abused three other soldiers. We do not presume to know those other soldiers' opinions of appellant's sentence. Nevertheless, PVT SK's opinion is significant, especially considering she was the victim of appellant's most serious offense.

[4] Neither the CA nor his SJA indicated what sentence to confinement they believed would be appropriate, only that it should be less than twenty-five years. As we review the SJAR, Addendum to the SJAR, and the CA's Action under Article 66(c), UCMJ, we would be at liberty to consider such specific recommendations if the SJA or CA had offered them in those documents.

2

## BACKGROUND

After graduating from high school, appellant joined the Army in January 2016. He was twenty years old. Appellant was ill-suited to military life, which requires an earnest respect for rules, professionalism, and one's fellow soldiers.

In July 2016, appellant and PVT SK left post without authority and went shopping. While shopping, PVT SK went inside a department store's dressing room to try on clothes. Appellant eventually pushed his way into the dressing room, "cornered" PVT SK, grabbed her hard enough to leave large bruises on her shoulder and arm, and pulled her down, forcing her to sit in his lap. Despite PVT SK resisting and protesting, appellant pulled her underwear to the side and inserted his penis in her vagina. Appellant later claimed he "thought it was playful" when PVT SK repeatedly told him to "stop."

In August 2016, appellant was riding on a bus with other soldiers on post. Appellant was sitting beside Private First Class (PFC) VM. Appellant began harassing her to kiss him, and PFC VM attempted to convince him to leave her alone. Instead of leaving her alone, appellant grabbed her waist and began humping her with his pelvic area. Appellant then attempted to touch her breasts, prompting PFC VM to kick him.

In October 2016, appellant again rode a bus on post. Appellant sat next to PFC AP and began touching her breasts despite PFC AP telling him not to several times. Appellant later claimed he was "misreading a signal" and thought PFC AP's protests indicated she "was being naughty."

In November 2016, after CID had already interviewed appellant about the offenses against PVT SK, PFC VM, and PFC AP, appellant violated an order from his company commander by consuming alcohol. He then assailed PFC MR in the barracks. Appellant grabbed PFC MR and pulled him onto a bunk bed. While restraining him, appellant licked PFC MR's neck and told PFC MR to "let [appellant] fuck [him] in the ass." Appellant then tried to unfasten PFC MR's pants by biting at his belt. Another soldier separated appellant from PFC MR. PFC MR went to the latrine and appellant followed. Appellant pushed PFC MR into a latrine stall, locked the door, displayed his penis, and told PFC MR to "suck his dick." When PFC MR refused, appellant "began urinating everywhere." As a result, appellant was placed in pre-trial confinement until his court-martial.

Appellant was convicted of the misconduct described above. At sentencing, appellant faced a maximum punishment including up to sixty-four years and six months of confinement. Prosecution evidence at sentencing included evidence appellant committed prior misconduct resulting in non-judicial punishment. Appellant's prior misconduct included failing to go to his appointed place of duty,

disobeying orders, and underage drinking. Appellant's defense counsel offered evidence in extenuation and mitigation. This included evidence of appellant's struggles growing up, and his family history of alcohol abuse.

The prosecution argued appellant did not take the charges against him seriously, generally thought he did nothing wrong, and was unremorseful.[5] The prosecution further argued appellant should be confined for a minimum of fifteen years and receive the mandatory dishonorable discharge. By contrast, the defense argued that fifteen years of confinement was unreasonable.

## LAW AND DISCUSSION

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, 76 M.J. 837, 841-42 (Army Ct. Crim. App. 2017). *See also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This court has a great deal of discretion in determining whether a particular sentence is appropriate but we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

On appeal, the government argues appellant's sentence is appropriate despite the opinion of the CA and his SJA to the contrary. In response to PVT SK's letter, the opinions of both the CA and his SJA, and the more than fifty letters of support for appellant, the government reminds us that we may not grant clemency. *See, e.g. Healy*, 26 M.J. at 396.[6]

---

[5] In his unsworn statement, appellant said that he thought, once his charges reached an Article 32, UCMJ preliminary hearing, "everyone is going to realize like it's BS." Appellant's letter to the CA further supports the conclusion that he does not fully grasp the severity of his own misconduct. Characterizing his criminal acts, appellant stated to the CA, "[he] honestly misunderstood and misjudged the actions between [himself and his victims.]"

[6] *Healy* emphasized the role the CA played in the military justice system by serving as the primary potential source of clemency in deserving cases. Long after *Healy*

(continued . . .)

Although exercising clemency and ensuring justice often run parallel paths, we must ensure the latter while never indulging the former. *Compare id. with United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002) ("The charter of Courts of Criminal Appeals on sentence review is to do justice.") (citations and internal quotation marks omitted). Our review of any record for sentence appropriateness includes the post-trial matters submitted by victims and appellants. Unlike this court, the military judge did not have the benefit of these post-trial matters in sentencing. The post-trial matters we considered in this case also included the opinion of the CA and his SJA, which were not before the military judge.

We have given individualized consideration to this particular appellant. Our consideration includes, but is not limited to, the nature and seriousness of the offenses, the record of trial, and other matters presented by appellant in extenuation and mitigation—to include R.C.M. 1105 and 1106 matters. For transparency, we note the letter from PVT SK and the opinions of the CA and his SJA were persuasive and we factored them into our sentence appropriateness review.

Considering the factors for sentence appropriateness, we find appellant's twenty-five-year sentence to confinement was inappropriately severe.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a dishonorable discharge and confinement for nineteen years. Appellant will be credited with 208 days against the sentence to confinement. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

---

(. . . continued)
was decided, however, Article 60, UCMJ was amended to remove the CA's power to grant clemency. *See* National Defense Authorization Act for Fiscal Year 2014, P.L. 113-66, § 1702(b), 127 Stat. 672, 955-56 (2013). Article 74, UCMJ still allows the service Secretary, or his or her designee, broad discretion over unexecuted portions of sentences. Article 71(b), UCMJ likewise grants the Secretary authority over the sentences of commissioned officers. *See Healy*, 26 M.J. at 396. Nevertheless, the role of the CA has been substantially eroded since our superior court placed such great emphasis on it in *Healy* and related cases.

ALCANTARA—ARMY 20170370

Senior Judge MULLIGAN and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court