# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 JUSTIN R. VEGA**
**United States Army, Appellant**

ARMY 20190009

Headquarters, 8th Theater Sustainment Command
Kenneth W. Shahan and Lanny J. Acosta, Jr., Military Judges
Lieutenant Colonel Ryan B. Dowdy, Staff Judge Advocate

For Appellant: Captain Rachele A. Adkins, JA; William E. Cassara, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain R. Tristan C. De Vega, JA (on brief).

8 June 2020

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of making a false official statement, one specification of wrongful use of a controlled substance, one specification of rape of a child, two specifications of sexual assault of a child, and one specification of adultery, in violation of Articles 107, 112a, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 912a, 920b, and 934 [UCMJ].[2] The convening

------

[1] Judge Levin participated in this case while on active duty.

[2] The military judge acquitted appellant of rape of a child in Specification 3 of Charge I, but convicted him of the lesser included offense of sexual assault of a child.

authority approved the adjudged sentence of a dishonorable discharge and confinement for twelve years.

On appeal, appellant raises two assignments of error. First, appellant argues that the evidence is legally and factually insufficient to sustain findings of guilty for rape of a child, sexual assault of a child, and adultery. Second, appellant claims his sentence is inappropriately severe. For the reasons that follow, we disagree.

## BACKGROUND

At the time of appellant's crimes, KB was a fifteen-year-old girl. On 20 April 2017, KB, a troubled teenager who had run away from home the previous day, went to a McDonald's restaurant, where she met appellant for the first time. While in the parking lot, appellant introduced KB to his friend, Private (PVT) Donovan Brooks.[3] The three of them discussed a number of matters, including the fact that KB had run away from home and had neither showered nor eaten recently. Appellant, who was married, gave KB $20.00 for food, supplied her with vodka, and asked KB her age and whether she had a boyfriend. Among other things, KB responded that she was sixteen years old. Hungry, tired, and dirty, KB accepted appellant's invitation to go to his barracks to shower and spend the night.

The two service members drove KB to appellant's barracks. In order to enter post, appellant told KB, who had no identification, to hide in the car. The plan worked and once on post, appellant again hid KB's presence by leading her through a side entrance to his barracks and directly to his room, where, after KB showered, the two engaged in sexual intercourse.

Shortly thereafter, appellant contacted PVT Brooks and told him to bring the bottle of vodka that they shared at McDonald's earlier that evening to his room. Private Brooks did so, and the three of them passed the bottle of vodka around and drank it until the bottle was empty.

According to her testimony, the next thing KB remembered was waking to appellant having vaginal sex with her. Appellant was on top of KB, pinning her hands and legs down, while vaginally penetrating her in a painful and more aggressive manner than in their previous sexual encounter. KB cried as she told appellant to stop at least three times. He did not.

While appellant continued to penetrate KB vaginally, PVT Brooks positioned KB's head so that she could simultaneously fellate him. According to her testimony, KB could not move because appellant placed his weight upon her and had pinned her

---

[3] Private Brooks was prosecuted separately. *See United States v. Brooks*, ARMY 20180567 (appeal pending before this court).

hands and legs down, nor could she say anything because PVT Brooks had placed his penis in her mouth. Eventually, KB stopped resisting, even as appellant and PVT Brooks switched positions so that PVT Brooks vaginally penetrated KB while appellant forced his penis into her mouth.

By approximately 0400 hours, PVT Brooks had departed the barracks room and KB used appellant's phone to call a friend. When the friend did not answer, appellant arranged for a Lyft to return KB to the McDonald's parking lot where they had met.

On 22 April 2017, KB returned to her parents' home, where she appeared withdrawn and in pain. KB eventually disclosed the attack and was taken to the hospital. While there, KB complained of genital pain, burning during urination, vaginal discharge, leaking urine, and knee and ankle pain. The examination results were consistent with vaginal penetration, and the treating physician observed that KB walked with an altered gait and guarded her knee, indicating additional non-genital injuries. The results from a vaginal swab corroborated the presence of appellant's DNA in KB's vagina.

During the investigation that followed KB's visit to the hospital, appellant told law enforcement officials that he had not engaged in vaginal intercourse with KB. At trial, appellant admitted that he had previously lied to authorities, and that he in fact had engaged in vaginal intercourse with KB.

## LAW AND DISCUSSION

### *Sufficiency of the Evidence*

Appellant asserts his convictions for rape of a child, sexual assault of a child, and adultery are legally and factually insufficient. We address each in turn.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324-25 (C.M.A. 1987); *see also United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses" we are "convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

3

Article 66(d)(1), UCMJ, provides that this court may "weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact." When exercising this authority, this court does not give deference to the decisions of the trial court (such as a finding of guilty). *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (A court of criminal appeals gives "no deference to the decision of the trial court" except for the "admonition . . . to take into account the fact that the trial court saw and heard the witnesses."). "We note the degree to which we 'recognize' or give deference to the trial court's ability to see and hear the witnesses will often depend on the degree to which the credibility of the witness is at issue." *United States v. Davis*, 75 M.J. 537, 546 (Army Ct. Crim. App. 2015), *aff'd on other grounds*, 76 M.J. 224 (C.A.A.F. 2017).

We first address appellant's conviction for forcible child rape. The elements of forcible child rape are:

> [1] That the accused committed a sexual act upon a child causing penetration, however slight, by the penis of the vulva or anus or mouth; and
> [2] That at the time of the sexual act the child had attained the age of 12 years but had not attained the age of 16 years; and
> [3] That the accused did so by using force against that child or any other person.

*Manual for Courts-Martial, United States* (2016 ed.)[*MCM*], pt. IV, ¶ 45b.b.(1)(b).

Force is "the use of such physical strength or violence as is sufficient to overcome, restrain, or injure a child." *MCM*, pt. IV, ¶ 45b.a.(h)(2). Appellant argues that the government failed to prove the third element beyond a reasonable doubt. We disagree.

At the outset, and after assessing the credibility of the witness, we credit KB's version of events. *See United States v. Crews*, ARMY 20130766, 2016 CCA LEXIS 127, at *11 (Army Ct. Crim. App. 29 Feb. 2016) (mem. op.) ("The deference given to the trial court's ability to see and hear the witnesses and evidence—or 'recogni[tion]' as phrased in Article 66, UCMJ—reflects an appreciation that much is lost when the testimony of live witnesses is converted into the plain text of a trial transcript."). KB's testimony was supported by the testimony of others, to whom she had made fresh complaints. KB's testimony was further corroborated by the forensic examination that revealed evidence of physical injuries. Appellant's prior false statements to law enforcement also support the government's theory. *See United States v. Lloyd*, ARMY 9801781, 2000 CCA LEXIS 365, at *16 (Army Ct. Crim. App. 24 Oct. 2000) (mem. op.) (finding that a testifying "appellant's credibility was severely undermined by his lies and omissions to [law

enforcement]," which included lying about aspects of what occurred and omitting important details, and then averring to the truth of his in-court testimony); *see also United States v. Nicola*, 78 M.J. 223, 227 (C.A.A.F. 2019) ("But one risk of testifying, recognized long ago, is that the trier of fact may disbelieve the accused's testimony and then use the accused's statements as substantive evidence of guilt in connection with all the other circumstances of the case.") (citation and internal quotation marks omitted). Considering KB's testimony, along with the evidence corroborating her testimony, we find that the evidence at trial is both legally and factually sufficient to support the military judge's finding of guilty as to rape of a child.

Next, we address appellant's argument that the evidence is legally and factually insufficient to support the findings of guilty to two specifications of child sexual assault. Specifically, whether appellant had a reasonable and honest mistake of fact that KB was 16 years old.

The elements of child sexual assault are:

> [1] That the accused committed a sexual act upon a child by causing contact between penis and vulva or anus or mouth; and
> [2] That at the time of the sexual act the child had attained the age of 12 years but had not attained the age of 16 years.

*MCM*, pt. IV, ¶ 45b.b.(3)(a).

A mistake of fact regarding a child victim's age is a defense to a charge of child sexual assault. Rule for Courts-Martial [R.C.M.] 916(j)(2). The accused must prove by a preponderance of evidence that he held a reasonable belief that the child victim "had attained the age of 16 years." UCMJ art. 120b(d)(2); R.C.M. 916(j)(2). The mistake of fact must be both reasonable and honest. *United States v. Zachary*, 61 M.J. 813, 825 (Army Ct. Crim. App. 2005).

A threshold requirement for an accused to avail himself of the defense of mistake of fact as to age is that the accused reasonably believed that the child had attained the age of 16 years. R.C.M. 916(j)(2); Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-45b-2, note 3 (10 Sep. 2014) [Benchbook]. The mistake or ignorance must be "reasonable under all circumstances," and "based on information, or lack of it, which would indicate to a reasonable person that [the victim] was at least 16 years old." Benchbook, para. 3-45b-2, note 3. Further, the ignorance or mistake could "not be based on the negligent failure to discover true facts." Benchbook, para. 3-45b-2, note 3. In other

words, one cannot unreasonably decline to find out his sexual prey or partner's age and then avoid liability by simply claiming, "I didn't know."

We find that appellant held neither an honest nor reasonable belief that KB was 16 years old. When questioned by law enforcement, appellant denied knowing KB's age at all. Thus, as the government points out in its brief, to the extent that KB said she was 16 years old, appellant did not appear to retain that information and did not act in reliance on it. Considering all of the evidence, as well as appellant's reasonable mistake of fact as to age argument, we find appellant's convictions for sexual assault of a child both legally and factually sufficient.

Finally, we address appellant's claim that the evidence was legally and factually insufficient to convict him of adultery. Specifically, whether his conduct was service discrediting.

The elements of adultery are:

> (1) That the accused wrongfully had sexual intercourse with a certain person;
> (2) That, at the time, the accused or the other person was married to someone else; and
> (3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, pt. IV, ¶ 62.b.

The *MCM* provides guidance concerning the third element:

> To constitute an offense under the UCMJ, the adulterous conduct must either be directly prejudicial to good order and discipline or service discrediting. . . . Discredit means to injure the reputation of the armed forces and includes adulterous conduct that has a tendency, because of its open or notorious nature, to bring the service into disrepute, make it subject to public ridicule, or lower it in public esteem. While adulterous conduct that is private and discreet in nature may not be service discrediting by this standard, under the circumstances, it may be determined to be conduct prejudicial to good order and discipline. Commanders should consider all relevant circumstances . . . when determining whether adulterous

6

> acts are prejudicial to good order and discipline or are of a nature to bring discredit upon the armed forces.

*MCM*, pt. IV, ¶ 62.c.(2).

There is no requirement that the government show actual damage to the reputation of the military. *United States v. Hartwig*, 39 M.J. 125, 130 (C.M.A. 1994) (holding that in context of Article 133, UCMJ, prosecution need not prove actual damage to the reputation of the military). Rather, the test is whether appellant's offense had a "tendency" to bring discredit upon the service. *United States v. Saunders*, 59 M.J. 1, 11 (C.A.A.F. 2003); *Hartwig*, 39 M.J. at 130.

The trier of fact must determine beyond a reasonable doubt that the conduct alleged actually occurred and must also evaluate the nature of the conduct and determine beyond a reasonable doubt that appellant's conduct would tend to bring the service into disrepute if it were known. *See Saunders*, 59. M.J. at 11. "In general, the government is not required to present evidence that anyone witnessed or became aware of the conduct. Nor is the government required to specifically articulate how the conduct is service discrediting. Rather, the government's obligation is to introduce sufficient evidence of the accused's allegedly service discrediting conduct to support a conviction." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011).

In conducting the service discrediting analysis, our Superior Court noted:

> Whether conduct is of a 'nature' to bring discredit upon the armed forces is a question that depends on the facts and circumstances of the conduct, which includes facts regarding the setting as well as the extent to which [a]ppellant's conduct is known to others. The trier of fact must consider all the circumstances, but such facts— including the fact that the conduct may have been wholly private—do not mandate a particular result unless no rational trier of fact could conclude that the conduct was of a 'nature' to bring discredit upon the armed forces.

*Id.*

As the government correctly described in its brief, appellant, a married soldier, preyed upon an underage runaway, snuck her onto a military installation, avoided the Charge of Quarters desk, and plied her with alcohol before having sex with her in an Army barracks with another soldier. Private Brooks' presence during appellant's adulterous conduct alone establishes the service discrediting nature of appellant's misconduct. *See United States v. Berry*, 6 U.S.C.M.A. 609, 20 C.M.R.

7

325, 330 (1956) (noting that adultery "is 'open and notorious,' flagrant, and discrediting to the military service when the participants know that a third person is present"). The fact that this sexual conduct amounted to rape only further denigrates the service.

Based upon the evidence, we find that a rational trier of fact could reason that appellant's adulterous conduct would have "a tendency . . . to bring the service into disrepute or . . . lower it in public esteem." *MCM*, pt. IV, ¶ 62.c.(2). Thus, a reasonable factfinder could have found all the essential elements of adultery beyond a reasonable doubt, making the evidence legally sufficient. Furthermore, after our independent review of the record and making allowances for not personally observing the witnesses, we are ourselves convinced beyond a reasonable doubt of appellant's guilt.

*Sentence Appropriateness*

Appellant asserts that his sentence of twelve years confinement and a dishonorable discharge is inappropriately severe and warrants relief under Article 66(d), UCMJ. We disagree that the sentence is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). We "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." UCMJ art. 66(d)(1). "When we conduct a sentence appropriateness review, we review many factors to include: the sentence severity; the entire record of trial; appellant's character and military service; and the nature, seriousness, facts, and circumstances of the criminal course of conduct." *United States v. Martinez*, 76 M.J. 837, 841-42 (Army Ct. Crim. App. 2017). This court has a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146-48 (C.A.A.F. 2010).

Appellant faced a maximum punishment that included life without the possibility of parole for the child rape conviction. He faced an additional thirty-seven years for the remaining charges. At sentencing, the government asked for twenty years of confinement, while appellant's counsel requested no more than eight and one-half years. The adjudged sentence included confinement for a fraction of the maximum term allowable and was far less than that which was requested by the government.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, appellant's record of service, the record of

trial, and other matters presented by appellant in extenuation and mitigation. Finally, we note that Article 66(d), UCMJ, requires us to take into account that the trial court saw and heard the evidence. Given all the circumstances in this case, the adjudged sentence was not outside the range of an appropriate sentence. We hold that the adjudged and approved sentence, to include the characterization of discharge, is not inappropriately severe.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are correct in law and fact. Accordingly, the findings and the sentence are AFFIRMED.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

9